IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAFAEL CASTOIRES SANCHEZ,

    Defendant.

Civil No. 97-2514 (RLA)
Crim. No. 84-328 (RLA)

## ORDER AMENDING JUDGMENT *NUNC PRO TUNC*

The Court has before it RAFAEL CASTOIRES's *habeas corpus* motion requesting that his state and federal sentences involving separate convictions for the same crime be imposed concurrent to each other. We will, however, treat this request as a Motion for Reduction of Sentence under Rule 35 (a) of the Fed R. Crim. P. applicable to offenses committed prior to November 1, 1987.

### FEDERAL COURT

Mr. CASTOIRES was sentenced on January 2, 1985, after having pled guilty to counts One, Two, Three and Four of the Information filed in Criminal Case No. 84-328 (docket No. 42), which charged him with aiding and abetting the receipt of four firearms[1] that had been shipped and transported in interstate commerce, after having been convicted of a felony, in violation of 18 U.S.C. § 922(h)(1) and

---

[1] One for each count, as follows: (Count One) Colt Revolver, Detective Special, .38 caliber; (Count Two) Colt Semi-automatic Pistol, 25 caliber; (Count Three) Charter Arms Revolver, Model Bulldog, .44 caliber; and (Count Four) Smith and Wesson Semi-automatic Pistol.

924(a) and 18 U.S.C. § 2. He received a sentence of imprisonment of twenty years, five years for each of the four counts, to be served consecutively to each other. The Court at the time did not address the issue of whether the federal sentence was to be served concurrent to the sentence defendant was already serving at the state level for his conviction for illegal possession of the same firearms.

### STATE COURT

RAFAEL CASTOIRES SANCHEZ and three codefendants were arrested on September 21, 1983, by state agents executing a search warrant at an apartment in Bayamón, Puerto Rico, where they found narcotics and numerous stolen items, including the firearms charged in the Government's Information in this action. On June 5, 1984, after pleading guilty to robbery and illegal transportation and/or possession of firearms for this same crime and after having been found guilty of other related crimes, defendant was sentenced by the Superior Court of the Commonwealth of Puerto Rico to serve a combined imprisonment term of thirty (30) years, all terms to be served concurrently with each other.

### JURISDICTION

The Court is being asked to consider the concurrence of these separate terms of imprisonment, which were imposed at different times by the local court and the federal court, two separate jurisdictions, for conduct involving the same offense.

We turn first to the Court's jurisdiction to hear this petition. Although initially, we cast CASTOIRES's request for relief as a *habeas* petition, in hindsight we find that it should properly be treated as a petition for reduction in sentence pursuant to former Fed. R. Crim. P. 35(a)$^2$, which allows a district court to correct an illegal sentence at any time. United States v. Jordan, 884 F.2d 1297, 1298 (9th Cir.). Having thus determined that we can consider a reduction in defendant's sentence, we now turn to Mr. CASTOIRES' request for concurrence of his federal and state sentence.

## CONCURRENCE

Congress, through the Comprehensive Crime Control Act of 1984, Pub.L. 98-473, Title II, c. II, § 212(a)(2), 98 Stat. 2000, has expressly granted federal judges the discretion to impose a sentence concurrent to a state prison term. United States v. Wills, 881 F.2d 823, 825-26 (9th Cir. 1989)(discussing amendments to 18 U.S.C. § 3584(a)). Furthermore, "[a]lthough the new statute does not directly apply to sentences for crimes... committed before November 1, 1987, its legislative history indicates that its intent was to codify preexisting law on [concurrent and] consecutive sentencing...". United States v. Hardesty, 958 F.2d 910, 914 (9th Cir. 1992). Thus, 18 U.S.C. § 3584(a) unambiguously confers the

---

$^2$ This rule was amended in 1987 to conform to the Sentencing Guidelines. The prior rule applies to defendant's case because his criminal conduct occurred prior to November 1, 1987, and there is no time limit for requesting correction of an illegal sentence.

CIVIL NO. 97-2514 (RLA)
CRIMINAL NO. 84-328 (RLA)                                      Page 4

---

discretion upon the trial judge to impose a concurrent or consecutive sentence by operating as a rule of construction. For instance, when the judge is silent as to whether a sentence is to be consecutive or concurrent, if the several sentences are imposed at different times, the sentences are construed as consecutive sentences. <u>Wills</u>, 881 F.2d at 826. "But the judge could, by expressing otherwise, change that result" <u>Id</u>. (citing S. Rep. No. 225, 98th Cong. 2d. Sess. 127 (1983), <u>reprinted in</u> 1984 U.S. Code Cong. & Admin. News 3182, 3310.)

Having thus reviewed the criminal case file, petitioner's presentence report, his *habeas corpus* petition and the Government's opposition thereto, the Court takes this opportunity to "express otherwise". We believe a consecutive state-federal sentence of 55 years of imprisonment for the illegal possession of the same firearms which were seized at the same time and place is an "[e]xceedingly long consecutive term [which can be] avoided through the exercise of judicial restraint." <u>See</u> Senate Judiciary Committee Report, 1984 U.S. Code Cong. & Admin. News 3182 at 3309-3310.[3]

Accordingly, we hereby AMEND *NUNC PRO TUNC* defendant's Judgment and Commitment Order of January 2, 1985, to state that the terms of

---

[3] <u>Compare</u> <u>also</u>, United States Sentencing Guidelines §5G1.3(b), which indicates that when the defendant is subject to an undischarged term of imprisonment which resulted from offenses that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run **concurrently** to the undischarged term of imprisonment.

CIVIL NO. 97-2514 (RLA)
CRIMINAL NO. 84-328 (RLA)                                              Page 5

---

imprisonment imposed in his federal sentence shall run concurrent to the imprisonment terms imposed by the state court.

Furthermore, and pursuant to the decision of the Court of Appeals for the Third Circuit in <u>Barden v. Keohane</u>, 921 F.2d 476 (3d. Cir. 1990), the Court has determined that a *nunc pro tunc* designation by the Bureau of Prisons is appropriate in this case.

Accordingly, the Court has no objection to the Bureau of Prisons' *nunc pro tunc* designation of the Commonwealth of Puerto Rico for service of Mr. CASTOIRES's federal sentence commencing on January 2, 1985.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 23rd day of February, 2001.

                                    RAYMOND L. ACOSTA
                                    United States District Judge

AO 72
(Rev 8/82)